UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASCOT INSURANCE COMPANY | * | CIVIL ACTION NO.: 25-1732 |
| | * | |
| | * | SECTION: |
| VERSUS | * | |
| | * | |
| SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. | * | JUDGE: |
| | * | |
| | * | MAGISTRATE: |
| *    *    *    *    *    *    * | | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Ascot Insurance Company which asserts its claim for damages against Sedgwick Claims Management Services, Inc., (hereinafter "Sedgwick"), and as grounds therefore respectfully represents as follows:

## JURISDICTION

1.

This Court has diversity jurisdiction over the parties under 28 U.S.C. § 1332, as complete diversity exists between Ascot Insurance Company and the Defendant, Sedgwick Claims Management Services, Inc., and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## PARTIES

2.

At all times relevant, Ascot Insurance Company (hereinafter "Ascot"), NAIC No: 23752, was and remains a Louisiana admitted carrier duly organized and existing under and by virtue of the laws of the State of New York and domiciled at 10233 South Parker Road,

Suite 300, Parker, CO 80134, and authorized to do and doing business in the State of Louisiana.

3.

Upon information and belief, at all times relevant, Sedgwick Claims Management Services, Inc.,  is an Illinois corporation with its principal place of business located at 8125 Sedgwick Way, Memphis, Tennessee 38125. For diversity purposes, Sedgwick Claims Management Services, Inc., has citizenship in Illinois and Tennessee.

## VENUE

5.

Venue is proper under 28 U.S.C. §1391 as this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.  This Court has personal jurisdiction over Sedgwick whose employee(s) committed wrongful acts and omissions as described herein, with resulting damage,  loss, or other consequences in the State of Louisiana, and within the Eastern District.

## FACTS

6.

Ascot Insurance Company issued Inland Marine policy number IMMA2110001099-01 to Bayou Concrete Pumping LLC, (n/k/a BCP Partners, L.L.C.), P.O. Box 2933, La Place, LA 70069, with a policy period of September 18, 2021 to September 18, 2022. The policy provided Contractors Equipment Coverage and Contractors' Equipment Income Coverage. Included in the schedule of equipment covered was the 2007 Mack Truck w/40 meter boom, SN: 1M2K197C47M034676.

7.

On or about June 27, 2022, Bayou Concrete Pumping, LLC ("Bayou" or "Bayou Concrete") notified Ascot that the scheduled vehicle had been damaged on June 25, 2022, and provided photos of the damaged boom and truck. Bayou also provided an Acord Notice of Loss. The notice of loss provided, "Boom broker crushing truck. Location: site built home Waters Subdivision, Ponchatoula, LA.." The insured, Bayou Concrete, was seeking coverage for damage to the boom, vehicle, and loss of use.

8.

On July 7, 2022, Ascot assigned the handling of the matter to Sedgwick. The claim was assigned by Sedgwick to Mr. Ken Clement.

9.

On July 18, 2022, Paul Hamnett of Ascot contacted Mr. Clement of Sedgwick regarding the inspection of the vehicle and boom. On August 4, 2022, Kevin DeGarmo emailed Ken Clement requesting a status on the inspection of the vehicle. The total loss was confirmed in a report dated August 2, 2022 but that report was not sent to or received by Ascot until November 21, 2022.

10.

From August of 2022 to December of 2023, Ascot made numerous requests for the status of the handling of the claim. On November 15, 2022, Kevin DeGarmo sent an email to Mr. Bryan Hill with Sedgwick complaining about the lack of response from Ken Clement. Ken Clement had admitted to Kevin DeGarmo that he was "hundreds of e-mails behind" and was unable to keep up with his work.

11.

The timeline below displays the numerous attempts by Ascot to obtain information from Ken Clement and Sedgwick regarding the Bayou Concrete claim.

6/28/2022    FNOL to Ascot

6/30/2023    Ascot ack to insured

7/7/2022    Assignment to Sedgwick

7/18/2022    Ascot discussion with Sedgwick re inspection

8/4/2022    Subro emailed Sedgwick re cause of loss

8/5/2022    Ascot confirmed with Sedgwick unit was inspected, total loss not yet determined, awaiting manufacturer inspection.

8/24/2022    Ascot discussed with Ken. Tractor not a total loss, boom probably is. Reserve recommendation of $250k for equipment and $75k for loss of income

10/7/2022    Subro emailed Sedgwick re cause of loss

11/15/2022    Subro emailed Sedgwick re cause of loss

11/21/2022    **Ascot rec'd Sedgwick report, total loss confirmed (report was dated 8/2/2022 but no evidence it was sent to Ascot until 11/21/2022)**

1/5/2023    Ascot called Sedgwick requesting Proof of Loss

1/6/2023    Ascot follow up email to Sedgwick re POL

1/5/2023    Ken emailed Ascot requesting auth to send BI loss to Sedgwick Accounting

1/6/2023    Ken emailed POL to insured for execution

1/9/2023    Ascot followed up with Sedgwick re POL, not yet received by Sedgwick

1/13/2023    Ken email to Ascot with executed POL for tractor payment

2/2/2023    Ascot issued payment for tractor

2/2/2023    Ascot left message for Ken that insured requesting lost income amount

3/3/2023    Ascot requested update from Ken on BI

3/23/2023    Ascot follow up to Ken re BI

3/28/2023    Ken assigned BI loss to Sedgwick Accounting

3/31/2023    Ascot emailed Ken with agent complaint and allegations of bad faith

4/3/2023    Sedgwick Acct emailed insured to follow up phone call re BI loss

| | |
|---|---|
| 4/25/2023 | Broker emailed Ken re overdue payment owed to Mardi Gras Towing |
| 4/26/2023 | Ken emailed Ascot re overdue payment |
| 4/26/2023 | Ascot paid Mardi Gras |
| 5/2/2023 | Sedgwick Acct emailed Insd to follow up on requested documents |
| 5/30/2023 | Sedgwick Acct emailed Insd to follow up again on requested documents |
| 6/26/2023 | Sedgwick Acct emailed Insd to follow up again on requested documents |
| 6/28/2023 | Insd emailed Acct with docs and answers to questions |
| 7/20/2023 | Sedgwick Acct emailed insd with additional questions |
| 8/8/2023 | Insd emailed Acct with answers to additional questions |
| 9/5/2023 | Sedgwick Acct emailed BI calculations to Ken |
| 9/27/2023 | Ken emailed BI calculations to insured for review |
| 10/19/2023 | Ascot follow up with Ken re BI loss |
| 10/27/2023 | Ken emailed Ascot advising he had not heard back from insured |
| 10/30/2023 | Ascot advised Sedgwick to take POL for BI loss |
| 11/16/2023 | Sedgwick reassignment to Robin (Ken terminated) |
| 12/7/2023 | Ascot requested update from Robin Roberts |
| 1/2/2024 | Letter of representation received |

12.

On January 2 of 2024, Ascot received a letter of representation from Roy Bergeron, Esq., indicating his firm represented Bayou Concrete Pumping, LLC for claims arising from damage to his client's equipment, loss of use, lost profits, business interruption, untimely and bad faith claims handling, and other damages sustained by Bayou Concrete related to and arising from the referenced claim.

13.

On April 23, 2024, counsel for Bayou Concrete sent a demand letter seeking a total of $747,276.60 for arbitrary and capricious claims handling due to the delay of seven months in handling the claim and tendering payment. Bayou Concrete also contended they sustained

damages for business interruption, loss of income, and other economic losses because of the inability to accept and perform concreate pumping jobs that it would have otherwise been able to handle if the claim for the total loss of the truck and boom had been appropriately handled. Bayou Concrete was seeking damages, penalties and attorney fees pursuant to La. R.S. 22:1892 and 22:1973.

14.

A mediation between Ascot and Bayou Concrete was held on Monday, May 13, 2024 at which time all claims of Bayou Concrete were resolved for $425,000. Sedgwick was invited to attend and participate in the mediation. At the mediation, Ascot agreed to pay $82,067.00, which represents the remaining policy limits for the business interruption available under policy number IMMA2110001099-01, and an amount of $342,933.00 which represent the amount being paid pursuant to any damages, attorney fees, interest and penalties allowed under La. R.S. §§ 22:1973 and/or 22:1892, for a full and final settlement in the total amount of FOUR HUNDRED AND TWENTY-FIVE THOUSAND DOLLARS AND NO/100 CENTS ($425,000.00).

15.

In the Release between Ascot and Bayou Concrete, Ascot specifically reserved the right to seek reimbursement, contribution and indemnity for the amounts paid herein from Sedgwick Claims Management Services, Inc., and/or Sedgwick Holdings, Inc., Lightning Cayman Merger Sub, Ltd., Sedgwick L.P. and The Carlyle Group.

16.

While It is well settled under Louisiana law that a claims adjuster has no duty to an insured such as Bayou Concrete, Sedgwick and its employee Ken Clement, had a duty to properly and timely adjusted the Bayou Concrete claim so as not to expose Ascot to bad faith

penalties and attorney fees. Sedgwick and Clement breached their good-faith duty to adjust the claim in a timely manner thereby leading to bad faith claims against Ascot.

17.

Under a duty-risk analysis, there is a direct causal link between the improper conduct of Ken Clement and Sedgwick, the economic injury and resulting damages incurred by Ascot because of the improper and untimely handling off Bayou Concrete's insurance claim, and this injury and damage was foreseeable. Sedgwick and Clement failed to perform their contractual duties to the level of care and skill expected of a professional insurance adjuster. Due to the untimely and inadequate work by Ken Clement and Sedgwick, Ascot was forced to pay more to the policyholder because by way of penalties, interest and attorney fees. Ascot is seeking full recovery of the overpayment and extra contractual payments of the claim due to the improper and untimely adjusting of the Bayou Concrete claim by Ken Clement and Sedgwick.

18.

At all relevant times, Ken Clement was an employee of Sedgwick and was acting in the course and scope of his employment with Sedgwick while adjusting the Bayou Concrete claim. Sedgwick is liable to Ascot under the principle of respondent superior and Sedgwick is vicariously responsible for the negligent acts and omissions of Ken Clement.

19.

Ascot seeks damages including, but not limited to, the following:

1. $342,933.00 which was based on damages paid to Bayou Concrete due to the improper handling of the claims by Ken Clement and Sedgwick;

2. Attorney fees;

3. Interest,

4. Cost.

20.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Ascot Insurance Company respectfully prays that judgment be granted in favor of Ascot to recover all damages and losses it is entitled to recover under the law, together with pre-judgment and post-judgment interest, costs, attorney's fees, expert fees and all other general and equitable relief to which Ascot is entitled, against Sedgwick Claims Management Services, Inc. .

Respectfully submitted,

**DUNCAN & SEVIN, L.L.C.**

_____
**ELTON F. DUNCAN, III, T.A. (LA 14967)**
**KELLEY A. SEVIN (LA 25871)**
5500 Prytania St., #537
New Orleans, LA 70115
Telephone: (504) 524-5566
Facsimile: (504) 524-9003
E-Mail: eduncan@duncansevin.com
E-Mail: ksevin@duncansevin.com
*Attorneys for Plaintiff, Ascot Insurance Company*

## PLEASE ISSUE SUMMONS TO:

Sedgwick Claims Management Services, Inc., Through
its registered agent:

Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802